

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JUAN DANIEL IGLESIAS VILLACORTA,

    Petitioner,

v.

    Criminal No.: 4:09cr30
    Civil No.: 4:13cv44

UNITED STATES OF AMERICA,

    Respondent.

OPINION AND ORDER

This matter is before the Court on Petitioner Juan Daniel Iglesias Villacorta's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion alleges that his counsel was ineffective on three grounds. First, Petitioner argues that defense counsel was ineffective for failing to file an appeal after Petitioner asked him to. Second, Petitioner claims he did not enter into his guilty plea knowingly and voluntarily, but rather was induced to enter the plea by the faulty legal advice of defense counsel. Third, Petitioner claims that his counsel was ineffective for failing to inform him that he may be deported if he pled guilty. For the reasons discussed below, the Court **DENIES** Petitioner's § 2255 motion as to Grounds Two and Three, and **ORDERS** that an evidentiary hearing be scheduled

as soon as practicable as to Ground One, in order to determine whether Petitioner asked his defense counsel to file an appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2009, a grand jury in Newport News returned an Indictment against Petitioner charging him with two counts: Count One, Conspiracy to Possess with Intent to Distribute and Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Count Two, Use of a Communication Facility in violation of 21 U.S.C. § 843. ECF No. 1.

Pursuant to a plea agreement, Petitioner pled guilty to Count One on August 13, 2012. On December 19, 2012, Petitioner was sentenced to forty-one months imprisonment and three years of supervised release. ECF No. 51. As a condition of his supervised release, Petitioner is to be surrendered to an immigration official for deportation review upon his release from prison. Id. at 4. Petitioner filed the current motion on April 3, 2013. ECF No. 55. The Government filed its response on June 5, 2013. ECF No. 57. Petitioner has not filed a reply brief and the time for doing so has since passed. Accordingly, this matter is ripe for review.

## II. STANDARD OF REVIEW FOR § 2255 MOTION

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence" pursuant to 28 U.S.C. § 2255.

2

To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief, a petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (quoting Davis v. United States, 417 U.S. 333, 343 (1974)). The existence of the right to pursue a collateral attack does not displace a direct appeal as the ordinary method for challenging a conviction or sentencing determination. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

A claim for ineffective assistance of counsel is properly "raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." See United States v. King, 119

3

F.3d 290, 295 (4th Cir. 1997) (quoting <u>United States v. Williams</u>, 977 F.2d 866, 871 (4th Cir. 1992)). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. <u>See</u> <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (quoting <u>Massaro v. United States</u>, 538 U.S. 500, 504-06 (2003)) ("'[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because the trial record is 'often incomplete or inadequate for [addressing such claims on direct review,]' thereby risking the failure of '[e]ven meritorious claims.'") (alterations in original).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a defendant with "'the right to the <u>effective assistance</u> of counsel.'" <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970)) (emphasis added). In order to demonstrate that defense counsel failed to provide effective assistance, in violation of the Constitution, a petitioner must establish both that: (1) counsel's performance

4

fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two prongs of this test articulated in Strickland. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of the Strickland test, courts "must be highly deferential." Id. at 689; see also Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

5

perspective at the time." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The second prong of the Strickland test requires a petitioner to "affirmatively prove prejudice." Id. at 693. To meet this prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). If the Petitioner fails to prove either of the two prongs of the Strickland test, the Court need not evaluate the other prong of the test. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### III. DISCUSSION

Petitioner's § 2255 motion advances three claims, all of which allege that Petitioner's counsel provided ineffective

6

assistance. For the reasons discussed below, Petitioner's motion only merits further review as to Ground One.

### A. Ground One: Failure to Appeal

Petitioner first claims that defense counsel provided ineffective assistance because he failed to file an appeal after Petitioner asked him to do so. The Fourth Circuit has consistently held that failure to file an appeal, after a defendant has so requested, constitutes ineffective assistance of counsel, regardless of whether the appeal requested is meritorious or not. United States v. Peak, 992 F.2d 39 (4th Cir. 1993). If a factual dispute exists as to whether the petitioner actually requested that his attorney file an appeal, the court must grant an evidentiary hearing to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255; see also United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000).

The Government argues that Petitioner's first claim should be denied for two reasons. First, the Government argues that "Villacorta does not claim he told counsel he wanted to appeal" and that he offers no evidence to support his claim. Second, the Government argues the claim should be denied because Petitioner waived his right to appeal in his plea agreement. The Court does not find these arguments sufficiently persuasive

7

to conclude that Petitioner's motion does not merit an evidentiary hearing.

First, contrary to the Government's assertions, Petitioner has stated clearly that he asked his lawyer to file an appeal and that his lawyer failed to do so. See ECF No. 55 at 3. In Petitioner's § 2255 motion, Petitioner specifically states, "I asked my lawyer to filed [sic] an appeal but he never filed said appeals." Id. Additionally, Petitioner has declared and signed that this statement is true and correct. Id. at 6. This is the only evidence on the record on the issue of whether or not Petitioner requested that his attorney file an appeal. The Government notes that the allegedly ineffective attorney, James Broccoletti, has declined to provide any evidence for Petitioner's motion. ECF No. 57 at 6 n.3. The record, as it stands, does not conclusively show whether Petitioner, in fact, requested that his attorney file an appeal. Accordingly, an evidentiary hearing to resolve this issue is necessary.

Second, a defendant does not automatically give up his right to appeal every issue when, in his plea agreement, he waives his right to appeal the sentence imposed by the court. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A defendant can seek appeal on a variety of grounds after entering a guilty plea. For example, a defendant can appeal if he thinks

8

the court applied the sentencing guidelines improperly, violated a procedural rule, or conducted his proceedings in a way that violated his Constitutional rights. <u>Attar</u>, 38 F.3d at 731-33. Because there are many grounds on which Petitioner always retains the right to appeal, the fact that Petitioner waived his right to appeal his sentence in his Plea Agreement is not a reason to deny this § 2255 claim.

For the reasons stated above, an evidentiary hearing is required to determine whether Petitioner actually requested that his attorney file an appeal.

### B. Ground Two: Petitioner was Induced to Enter Guilty Plea by Faulty Legal Advice

Petitioner next argues that he did not enter his guilty plea knowingly and voluntarily. Instead, Petitioner argues, his attorney gave him faulty legal advice that induced him to enter into a guilty plea. The Court does not find this claim persuasive because first, Petitioner appears to have entered into the plea agreement "freely and voluntarily," and second, Petitioner has not identified what faulty legal advice he was given that induced him to plead guilty.

First, the record indicates that Petitioner knowingly and voluntarily entered his plea of guilty. At a guilty plea hearing on August 13, 2012, Petitioner stated to the court that he was "freely and voluntarily" pleading guilty because he had,

9

in fact, committed the offense. Plea Hr'g Tr. at 17-19, ECF No. 57-1. Petitioner also stated that he understood everything discussed during the proceeding and the potential consequences of his guilty plea. Id. at 2-19. Further, Petitioner signed the plea agreement and, in so doing, indicated that he fully understood and voluntarily agreed to it. ECF No. 38. Petitioner has not contradicted this evidence that he knowingly and voluntarily entered into the plea agreement with any evidence beyond his bare allegation that he was "induced by faulty legal advice." With no indication of what advice Petitioner asserts was faulty, the Court cannot possibly determine whether Petitioner's counsel's performance fell below an objective standard of reasonableness, as required under Strickland. See 466 U.S. at 687-88.

Although a pro se litigant is entitled to a liberal construction of his § 2255 Motion for relief, United States v. Davis, 532 F.2d 752, 752 (4th Cir. 1976), "the defendant's factual allegations must be stated with sufficient specificity to allow a reader to determine from the face of the motion whether further review is warranted," Watson v. United States, No. 1:07CR396, 2011 WL 6697900, at *3 (E.D. Va. Dec. 20, 2011) (citing cases from the Second, Seventh, Eighth, and Ninth Circuits). As the Government points out, the only advice Petitioner has identified as potentially faulty is Broccoletti's

alleged failure to inform Petitioner that he could potentially be deported if he entered into a guilty plea, which the Court will address in Ground Three. Because the Court cannot identify, from the face of Petitioner's § 2255 motion, any other potentially faulty legal advice, the Court finds that Petitioner is not entitled to relief on Ground Two.

### C. Ground Three: Failure to Inform Petitioner Regarding Potential for Deportation

Petitioner next argues that defense counsel failed to inform him that he would be deported if he entered into a guilty plea. However, the record shows that, when asked whether Petitioner's "attorneys talked to [him] about the possibility that a plea of guilty to this charge [would] require . . . deportation to [his] home country," Petitioner responded, "Yes. We have spoken a little bit about that." Plea Hr'g Tr. at 10-11, ECF No. 57-1. The Court then clarified that, "this particular charge under the law, if I understand it correctly, will require you to be deported. Do you understand?" Id. at 11. Petitioner responded, "Yes." Id. Because the record clearly shows that Petitioner was informed, by both his counsel and the Court, that he would be deported if he pled guilty, Petitioner is not entitled to relief on Ground Three.

11

## IV. CONCLUSION

For all of the reasons discussed above, Petitioner's § 2255 motion is **DENIED IN PART**. Specifically, the Court **DENIES** the motion on Grounds Two and Three because Petitioner has failed to demonstrate that defense counsel either provided faulty legal advice or failed to inform Petitioner that he would be deported if he entered into a guilty plea. The Court **GRANTS** Petitioner an evidentiary hearing in order to determine the merits of his motion as to Ground One.

As set forth in the Federal Rules Governing § 2255 Proceedings, because an evidentiary hearing is necessary, Petitioner must be appointed counsel to assist in his defense. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c). Accordingly, the Court hereby **ORDERS** that a new attorney be appointed to represent Petitioner at the evidentiary hearing. After counsel is appointed, such attorney shall, as soon as practicable, contact the undersigned Judge's calendar clerk, who will coordinate with the Government to schedule an evidentiary hearing. Petitioner **will be required** to appear in person for such evidentiary hearing.

With regard to all of the remaining claims, Petitioner's § 2255 motion is **DENIED** as Petitioner fails to demonstrate either that: (1) his counsel provided constitutionally deficient performance; or (2) that Petitioner suffered resulting

12

prejudice. As the instant Order is **not** a "Final Order" in this collateral proceeding, Petitioner's right to seek a certificate of appealability will be addressed in the Final Order to be issued after the evidentiary hearing.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, James Broccoletti, the United States Attorney's Office in Newport News, Virginia, and the United States Marshals Service.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 11, 2014